UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

JACKSONVILLE DIVISION

IN ADMIRALTY

CASE NO: 3:17-cv-251-J-25MCR

AGCS MARINE INSURANCE CO., as subrogee
of Caribbean Can Manufacturing Co., LLC,
an Illinois Corporation,

    Plaintiff,

vs.

TOTE MARITIME PUERTO RICO, LLC,
a Delaware Corporation,

    Defendant.
_____/

## COMPLAINT

The Plaintiff, AGCS MARINE INSURANCE CO. (hereinafter "AGCS"), as subrogee of Caribbean Can Manufacturing Co., LLC, (hereinafter "CARIBBEAN CAN"), by and through its undersigned counsel, files its Complaint against the Defendant, TOTE MARITIME PUERTO RICO, LLC (hereinafter "TOTE MARITIME"), and states as follows:

1. This action arises out of the loss of and damage to cargo of aluminum coils, being shipped from Jacksonville, Florida to San Juan, Puerto Rico on or about December 5, 2015 by TOTE MARITIME on the Barge "Columbia Elizabeth".

2. This is an admiralty and maritime claim pursuant to 28 U.S.C. §1333 and Fed. R. Civ. P. 9(h).

3. Venue is proper in the United States District Court for the Middle District of Florida, Jacksonville Division, as TOTE MARITIME is based in Jacksonville, Florida, the

shipment at issue herein originated in Jacksonville, Florida and TOTE MARITIME consents to the United States District Court for the Middle District of Florida in Jacksonville, Florida with respect to litigation arising under its bills of lading.

4. All conditions precedent to bringing this action have been met. The Defendant, TOTE MARITIME, agreed to provide Plaintiff an extension of time up to and including March 6, 2017 in which to assert claims against TOTE MARITIME for the cargo loss at issue herein.

5. At all times material hereto, CARIBBEAN CAN had its principal place of business in Cidra, Puerto Rico. CARIBBEAN CAN was the consignee and owner of the goods at issue herein.

6. AGCS is an insurance entity incorporated and existing under the laws of the State of Illinois and, at all times material hereto, was the insurer of the goods at issue herein. AGCS brings this action as a subrogated insurer, having paid an insurance claim in the amount of $240,043.47 to CARIBBEAN CAN for the loss of the goods at issue herein, and therefore is entitled to maintain this action as the subrogated insurer of CARIBBEAN CAN.

7. TOTE MARITIME is a common carrier of goods based in Jacksonville, Florida, and at all times relevant hereto was the carrier of the goods at issue.

8. Container Nos. CRSU9248740, GESU5444893, STRU4095006 and UETU5288606 were loaded on the Barge "Elizabeth" on or about December 5, 2015 for transport from Jacksonville, Florida to San Juan, Puerto Rico. While transporting said containers to San Juan, Puerto, Rico, one row of containers collapsed and, as a result, two of the containers (UETU-5288606 and STRU-4095006) went overboard and were lost with no recovery, and two of the containers (GESU-5444893 and CRSU-9248740) resulted in damage, although the product in

those two containers was salvaged for $46,879.08. All containers were loaded and stowed by TOTE MARITIME.

9. The Bills of Lading for the four containers referenced above all contain declared values for the goods being shipped. Bill of Lading No. SSL000249954 for Container No. CRSU9248740 sets forth a declared value of $66,946.10; Bill of Lading No. SSL000249950 for Container No. GESU5444893 sets forth a declared value of $67,020.85; Bill of Lading No. SSL000249956 for Container No. STRU4095006 sets forth a declared value of $65,077.35; and Bill of Lading No. SSL000249942 for Container No. UETU5288606 sets forth a declared value of $64,210.25.

10. CARIBBEAN CAN paid freight of $23,668.00 to ship the four containers.

11. AGCS paid $240,043.47 (the total value of the goods, plus freight, less salvage of $46,879.08) to CARIBBEAN CAN in full settlement of its claim under the policy of insurance for the subject cargo loss. As a result, AGCS is subrogated to the rights of its Insured, CARIBBEAN CAN, the consignee of the subject goods, up to the amount paid.

## COUNT I
## BREACH OF CONTRACT OF CARRIAGE

Plaintiff re-alleges paragraphs 1 through 11 above as if fully set forth herein and further alleges:

14. TOTE MARITIME breached the contract of carriage by failing to deliver the cargo in the same good order and condition as when received by TOTE MARITIME. The loss occurred while the cargo was in the care, custody and control of the carrier TOTE MARITIME and was the result of TOTE MARITIME's failure to exercise due diligence in the care and custody of the

cargo, including failing to properly load, stow, carry, care for, store and deliver the cargo to the consignee in the same good order and condition as it was received. Plaintiff has been damaged as a result thereof.

WHEREFORE, the Plaintiff, AGCS MARINE INSURANCE CO., as subrogee of CARIBBEAN CAN, demands judgment against TOTE MARITIME for compensatory damages and for all interest, costs and such other relief as the Court deems just and proper.

## COUNT II
## BREACH OF BAILMENT

Plaintiff re-alleges paragraphs 1 through 11 above as if fully set forth herein and further alleges:

15. TOTE MARITIME accepted the cargo and agreed to deliver the cargo to the consignee and/or the consignee's agent in the same good order and condition as when received by TOTE MARITIME.

16. TOTE MARITIME thereby became the bailee for hire of the cargo and had a duty as bailee to deliver the cargo in the same good order and condition as when received.

17. TOTE MARITIME breached that duty by failing to exercise ordinary diligence and reasonable care so as to deliver the cargo in the same good order and condition as received.

18. TOTE MARITIME failed to deliver the bailed cargo in the same good order and condition as when received and Plaintiff has been damaged as a result thereof.

WHEREFORE, the Plaintiff, AGCS MARINE INSURANCE CO., as subrogee of CARIBBEAN CAN, demands judgment against TOTE MARITIME for compensatory damages and all interest, costs and such other relief as the Court deems just and proper.

CASE NO. 17-_____

Page 5

Dated:  March 3, 2017
        Miami, Florida

Respectfully submitted,

*[signature]*

Jonathan W. Skipp
Florida Bar No. 710570
jskipp@admiral-law.com
**Juan C. Perez, Jr.**
Florida Bar No. 91581
jperez@admiral-law.com
HORR, NOVAK & SKIPP, P.A.
Two Datran Center, Suite 1700
9130 South Dadeland Boulevard
Miami, FL  33156
Telephone: (305) 670-2525
Facsimile: (305) 670-2526
*Attorneys for Plaintiff*

/947206